IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RANDALL SCOTT MAHONEY,<br><br>          Plaintiff,<br><br>vs.<br><br>GOV. BRIAN SCHWEITZER, et al.,<br><br>          Defendants. | Cause No. CV 09-00064-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Randall Scott Mahoney's Amended Complaint filed January 8, 2010. (Court Doc. 10). Plaintiff alleged Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff is a state prisoner representing himself. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I. STATEMENT OF THE CASE

A. Procedural Background

On November 19, 2009, the Court began its prescreening process

pursuant 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  After identifying several deficiencies with Plaintiff's original Complaint the Court permitted Plaintiff to file an Amended Complaint.  Plaintiff filed an Amended Complaint on January 8, 2010.

B.    Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The Defendants named in Plaintiff's original Complaint are: Governor Brian Schweitzer, Montana Department of Corrections, Mike Ferriter, Ted Ward, Myrna Ohmolt-Mason, Laura Janes, Norma Jean Boles, Sherri Townsend, Liz Rantz, Montana State Prison, Mike Mahoney, Dr. Kohut, Major Woods, and John and Jane Doe.

In his Amended Complaint, Plaintiff names all of these Defendants except the Montana Department of Corrections and Montana State Prison.

C.    Allegations

Plaintiff contends he injured his knee playing frisbee golf on March 16, 2006.  He was taken back to the "Center" and to the hospital

where his right knee was x-rayed.  When he went back to the hospital, he saw Dr. Yorgenson who said Plaintiff would need surgery on his right knee.  On September 20, 2006, Mike Ferriter told Plaintiff when he got to where he was going, "it well [sic] happen then."  (Court Doc. 10-1, p. 2).  When Plaintiff got to Montana State Prison in November 2006, Dr. Kohut checked with his boss, Laura Janes, who said medical treatment like that would cost taxpayers a lot of money.

Plaintiff contends the failure of Defendants to comply with the written orders of an orthopedic surgeon is deliberate indifference to his serious medical needs.  He alleges he has had pain in his right leg for four years and the knee "brace only helps when it is not that cold out otherwise [he is] in more pain than [he] care[s] to be."  (Court Doc. 10–Amended Complaint, p. 5, ¶ V).

## II.  ANALYSIS

As set forth in the Court's prior Order, a claim under Eighth Amendment of the United States Constitution has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,

1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc.
v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

While a knee injury affecting Plaintiff's ability to walk may be a
serious medical need, Plaintiff has not plead sufficient facts to state a
plausible claim for deliberate indifference.  Plaintiff alleges a blanket
denial of surgery for his knee but he attached grievance forms to his
Amended Complaint which suggest he was being followed by the
physician and receiving physical therapy.  It is not clear how much
physical therapy received but his grievance appeal dated April 3, 2008
indicates Plaintiff received physical therapy on March 11, March 13,
and March 18, 2008.

Deliberate indifference is a higher standard than negligence or
lack of ordinary due care for the prisoner's safety.  Farmer v. Brennan,
511 U.S. 825, 835 (1994).  "Neither negligence nor gross negligence will
constitute deliberate indifference."  Clement v. California Dep't of
Corrections, 220 F.Supp.2d 1098, 1105 (N.D.Cal. 2002); see also
Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere
claims of "indifference," "negligence," or "medical malpractice" do not

support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)(affirming grant of summary judgment for state prison officials based on difference of medical opinion where one prison doctor informed the inmate, then in county custody, that he would need surgery, but the patient was transferred to state prison where he received alternative treatment not including surgery).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

At most, Plaintiff has plead a difference of medical opinion regarding his knee.  The only injury he has alleged is a knee which hurts when it is cold.  Given the grievances attached to Plaintiff's Amended Complaint, it appears that Plaintiff was receiving physical therapy and a knee brace for his knee injury, it just was not the particular type of medical treatment he wanted.  That is insufficient to state a claim for deliberate indifference to a serious medical need.

## III. CONCLUSION

### A.  Leave to Amend

For the reasons set forth above, Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff was given an opportunity to correct the deficiencies in his allegations and he failed to do so.  As such, this matter should be dismissed.

### B.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

### C.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a

criminal case, may proceed on appeal in forma pauperis
without further authorization, unless:
(A) the district court-before or after the notice of appeal is
filed-certifies that the appeal is not taken in good faith or
finds that the party is not otherwise entitled to proceed in
forma pauperis and states in writing its reasons for the
certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225

(9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court

need only find that a reasonable person could suppose that the appeal

has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT–CV-09-00064-H-DWM-RKS / PAGE 7

could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

D. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATIONS

1.  Plaintiff's Complaint should be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-09-00064-H-DWM-RKS / PAGE 9

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of January, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge