

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| RANDALL SCOTT MAHONEY, | ) | CV 09-64-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GOV. BRIAN SCHWEITZER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Mahoney is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on January 26, 2010. After receiving an extension of time to file objections, Plaintiff did not timely object to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

-1-

United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Mahoney alleges Defendants violated the Eighth Amendment because they were deliberately indifferent to his serious medical needs. Judge Strong found that Mahoney's amended complaint fails to state a claim upon which relief may be granted because the facts he pleads show at most a difference of opinion about the proper treatment for his injured knee. A difference of opinion is insufficient to state a claim of medical indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Upon review, I find no clear error in Judge Strong's findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #11) are adopted in full.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's complaint fails to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The complaint is frivolous because it lacks arguable substance in law or fact.

Dated this 23rd day of April, 2010.

Donald W. Molloy, District Judge
United States District Court